MAXIMUM NUMBER OF MEMBERS OF HOUSE OF REPRESENTATIVES The Attorney General is unable to project from the Court's language of "approximately 100", the maximum number of members the House of Representatives may have. However, the language of the Court, "approximately 100", indicates that 101 members would be acceptable. The Attorney General has considered your letter of January 19, 1971, wherein you state as follows: "The Federal District Court, in 1964, in the case of Reynolds v. State Election Board,233 F. Supp. 323, declared a large portion of Article V, Section 10A of the Constitution of Oklahoma to be in violation of the Constitution of the United States." You then, in effect, asked two questions: "No. 1. Do the remaining portions of Article V, Section 10(A) of the Oklahoma Constitution, although not in violation of the Federal Constitution, have any meaning or effect since the entire section was adopted by the people of the State as one section. "No. 2. What is the maximum number of members the Oklahoma House of Representatives may have under our Constitution?" Article V, Section 10A of the Oklahoma Constitution provides as follows: "The House of Representatives shall consist of the number of representatives as determined by the formula and procedure set forth herein. The number of members of the House of Representatives to which each county shall be entitled shall be determined according to the following formula: a. The total population of the State as ascertained by the most recent Federal Decennial Census shall be divided by the number 100 and the quotient shall be the ratio of representation in the House of Representatives, except as otherwise provided in this Article. "An entire ratio but less than two ratios shall be assigned two representatives; every county containing a population of two entire ratios but less than three ratios shall be assigned three representatives; and every county containing a population of three entire ratios but less than four ratios shall be assigned four representatives. After the first four representatives, a county shall qualify for additional representation on the basis of two whole ratios of population for each additional representative. Each representative nominated and elected shall hold office for two years." In Reynolds v. State Election Board, 233 F. Supp. 323, in considering the constitutionality of Article V, Section 10A, Article V, Section 11(a), Article V, Section 11(B), Article V, Section 11(c), Article V, Section 10(d) and Article V, Section 10(E) stated in the body of the opinion: "(W)e will not strike down the amendment in toto, because one article contravenes federal quantities, nor an article because the section is void, nor a section because a clause is bad." The Court also stated in the body of the opinion as follows: "Section 10A, Article V of the Amendment should be retained as the basic law of Oklahoma to provide a formula and procedures for the apportionment of the House of Representatives of the State of Oklahoma. The House of Representatives shall, therefore, be apportioned in accordance with Section 10A, Article V as amended, to provide (1) for approximately 100 representatives (the ratio to be 1/100th of the population of the State); and, (2) that the term of office of a representative shall be two years. The House of Representatives will be apportioned into districts of approximately equal population, as prescribed and delineated in the Revised Order of Reapportionment hereinafter set forth. All of the remaining parts and provisions of Section 9A and 10A are unconstitutional and they are, hereby declared null and void." It is clear from the above quoted statement by the Court as to the portions of Article V, Section 10A which remain in force and effect and the portions that are null and void. With respect to the maximum number of members of the Oklahoma House of Representatives, as stated above, the Court said: "The House of Representatives shall, therefore, be apportioned . . . to provide (1) for approximately 100 representatives (the ratio being 1/100th of the population of the State);. . ." (Emphasis added) In its order apportioning the House of Representatives the Court provided for the House of Representatives to be composed of 99 members until the House is reapportioned under the provisions of the Court, in providing for 99 members, considered that one less than 100 was "approximately 100". It follows, therefore, that 101 members would also be "approximately 100" since that number would be only one greater than 100. We are unable, however, to project from the Court's language the maximum number of members the House of Representatives may have. Certainly, any of the numbers 99, 100, or 101 are acceptable. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: That portion of Article V, Section 10A provided for the House of Representatives to consist of the number of representatives to be determined by taking the total population of the State as ascertained by the most recent Federal Decennial Census to be divided by the number 100 and the quotient to be the ratio of representation in the House of Representatives, and the provisions that each representative nominated and elected shall hold office for two years, are valid and in effect. The remainder of the section is null and void. It is further the opinion of the Attorney General, that your second question be answered as follows: The Attorney General is unable to project from the Court's language of "approximately 100", the maximum number of members the House of Representatives may have. However, the language of the Court, "approximately 100", indicates that 101 members would be acceptable. (Marvin C. Emerson)